IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| William L. Carroll, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| The Variable Annuity Life Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. § 1446, the Defendant The Variable Annuity Life Insurance Company ("VALIC"), by and through its undersigned counsel, hereby files this Notice of Removal of the above-captioned action from the Court of Common Pleas for Greenville County, State of South Carolina, to the U.S. District Court for the District of South Carolina, Greenville Division.

### I. STATEMENT OF COMMENCEMENT OF ACTION

The above-captioned action was commenced by the Plaintiff by the filing of a Summons and Complaint on March 13, 2018, and mailing a copy of the same to VALIC by letter dated March 19, 2018. This action is pending in the Court of Common Pleas for Greenville County, State of South Carolina, bearing Civil Action No. 2018-CP-23-01540. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

## II.  PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process, pleadings, and orders served upon VALIC are attached as Exhibit A and are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on the Plaintiff and is being provided to the Clerk of Court for the Greenville County Court of Common Pleas.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed below, this action satisfies both statutory requirements.

### A.  Amount in Controversy

The Plaintiff seeks to recover damages purportedly resulting from VALIC's failure to pay benefits under an annuity contract. The Plaintiff has brought claims for breach of contract, breach of contract accompanied by fraudulent act, negligence, breach of fiduciary duty, conversion, and violation of the South Carolina Unfair Trade Practices Act. (Pl.'s Compl. ¶¶ 16-53.) The prayer for relief at the conclusion of the Complaint does not specify the amount of recovery sought, nor does it limit the Plaintiff's recovery.

The Plaintiff alleges that the subject annuity has a current value of $58,784.43. (*See* Pl.'s Compl. ¶ 14.) Further, the Plaintiff seeks to have any damages award trebled. The Plaintiff also seeks to recover punitive damages. Punitive damages should be included in determining the amount in controversy for purposes of removal. As stated by the U.S. Supreme Court, "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to

2

the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). In fact, a "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the jurisdictional requirement is satisfied.[1]

### B. Citizenship of the Parties

The Complaint alleges that the Plaintiff is a resident of the State of South Carolina. (Pl.'s Compl. ¶ 1.) VALIC was at the time of the filing of the Complaint, and still is, an insurer duly organized and existing under the insurance code of the State of Texas with its principal place of business in Texas and, therefore, is not a citizen of the State of South Carolina. Accordingly, there is diversity of citizenship between VALIC and the Plaintiff.

### IV. CONCLUSION

WHEREFORE, the Defendant hereby removes this matter from the Greenville County Court of Common Pleas to the U.S. District Court for the District of South Carolina, Greenville Division.

*SIGNATURE PAGE ATTACHED*

---

[1] VALIC does not waive and expressly reserves the right to challenge all damages or other forms of relief on all available grounds.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Chadwick S. Devlin*
    D. Larry Kristinik
    Fed Bar No. 5744
    Chadwick S. Devlin
    Fed Bar No. 12390
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Attorneys for The Variable Annuity Life Insurance Company*

Columbia, South Carolina

April 10, 2018