# Exhibit A
## *(State Court Process and Pleadings)*

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>**WILLIAM L. CARROLL,**<br><br>Plaintiff,<br><br>v.<br><br>**THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,**<br><br>Defendant. | IN THE COURT OF COMMON PLEAS FOR THE THIRTEENTH JUDICIAL CIRCUIT<br><br>Case No.<br><br>**SUMMONS** |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is served upon you with this summons, and to serve a copy of your Answer to the said Complaint upon the subscribers, Joshua Snow Kendrick, at mailing address Post Office Box 6938, Greenville, South Carolina 29606 –OR– 506 Pettigru Street, Greenville, South Carolina, 29601, within thirty (30) days after service hereof, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for a judgment by default against you for the relief demanded in the Complaint.

Respectfully Submitted,

**s/ Joshua Snow Kendrick**
Joshua Snow Kendrick (SC Bar 70453)
Christopher S. Leonard (SC Bar 80166)
KENDRICK & LEONARD, P.C.
506 Pettigru Street (29601)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

March 13, 2018
Greenville, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>**WILLIAM L. CARROLL,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,**<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS FOR THE THIRTEENTH JUDICIAL CIRCUIT<br><br>Case No.<br><br>**COMPLAINT**<br>**(Jury trial demanded)** |

Plaintiff alleges the following against the Defendant:

1. The Plaintiff is a resident of Greenville County, South Carolina.
2. Defendant Variable Annuity Life Insurance Company is, upon information and belief, a corporation headquartered in Texas and authorized to do business throughout South Carolina.
3. This Court has jurisdiction over the subject matter of this case.
4. Venue is proper in Greenville County.

## FACTS

5. Norma Carroll, who is deceased, had at least three accounts with the Defendant.
6. Norma and William Carroll were married for many years, until her death in January of 2017.
7. The accounts held by Defendant were payable to Plaintiff upon the death of Norma Carroll.
8. After Norma Carroll's death, Plaintiff and his family have made numerous efforts to obtain the funds in the accounts due him by Defendant.
9. Plaintiff and his family have made repeated calls and sent multiple requests through the postal service in an attempt to obtain these funds.
10. Each request was met with Defendant's request for additional information, regardless of whether the information had been previously provided or was in any way material to

payment of the funds.

11. Finally, on or about February 6th and 7th, 2018, Defendant issued three checks to Plaintiff for the funds it was holding on his behalf, as ownership of the funds had passed from Norma Carroll to Plaintiff upon her death.

12. Plaintiff deposited the checks and assumed the matter was concluded.

13. Shortly after the checks were deposited, the largest check was dishonored because Defendant issued a stop payment order on the check. Apparently, the stop payment order was issued for yet another piece of information the Defendant claimed was missing, despite the fact that information had been provided on multiple prior occasions.

14. The check was valued at approximately $53,905.99, not including an additional $4878.44 withheld for federal taxes.

15. Defendant continues to hold these funds and refuses to pay them to Plaintiff.

## FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

16. At the time of Norma Carroll's death, her interest in the account held by Defendant passed to Plaintiff, who became a party to the contract with Defendant.

17. The Plaintiff and Defendant were parties to a binding contract.

18. Defendant has refused to pay the amount held in the annuity which rightfully belongs to Plaintiff.

19. Defendant has no justification for this refusal to pay the amount due and is refusing to honor the contract between the parties.

20. Defendant's unreasonable and unjustifiable failure to perform the contract between the parties is the direct and proximate cause of damages to the Plaintiff.

21. Plaintiff is entitled to all actual and consequential damages resulting from Defendant's actions.

ELECTRONICALLY FILED - 2018 Mar 13 2:41 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301540

## FOR A SECOND CAUSE OF ACTION

### (Breach of Contract Accompanied by Fraudulent Act)

22. At the time of Norma Carroll's death, her interest in the account held by Defendant passed to Plaintiff, who became a party to the contract with Defendant.

23. The Plaintiff and Defendant were parties to a binding contract.

24. Defendant has refused to pay the amount held in the annuity with rightfully belongs to Plaintiff.

25. Defendant has no justification for this refusal to pay the amount due and is refusing to honor the contract between the parties.

26. The breach of this contract, specifically the failure to pay the amount due Plaintiff, was fraudulently intended to steal Plaintiff's money and avoid Defendant's obligations related to the annuity accounts at issue in this action.

27. The Defendant has committed fraudulent acts along with the breach of the contract, including but not limited to:
    a. Dishonesty in fact;
    b. Unfair dealing;
    c. Unlawful appropriation of Plaintiff's property by design.

28. Defendant's fraudulent actions entitle Plaintiff to actual and punitive damages.

## FOR A THIRD CAUSE OF ACTION

### (Negligence)

29. As a holder of funds to which Plaintiff is rightfully entitled, Defendant owes Plaintiff a duty of care. That duty requires Defendant to reasonably pay funds due to Plaintiff.

30. Defendant has breached its duty to Plaintiff by refusing to pay the funds due to Plaintiff and/or making it so difficult to obtain those funds that Defendant has constructively denied their release to Plaintiff.

31. Defendant's refusal to pay Plaintiff this money or offer him a reasonable opportunity to

ELECTRONICALLY FILED - 2018 Mar 13 2:41 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301540

obtain the funds constitutes a failure to use the amount of care necessary in such a situation.

32. Plaintiff has suffered damages as a result of Defendant's negligence.

33. Defendant's actions were reckless, willful, wanton, and grossly negligent, entitling the Plaintiff to punitive damages in an appropriate amount.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

34. Defendant is a company charged with holding annuities and financial accounts on behalf of various account holders. As in this case, some account holders have reached the twilight of their life and will pass away while the account is still active.

35. Plaintiff had a special confidence in Defendant's ability to secure, manage, and fairly distribute funds to which he was entitled upon the death of his wife.

36. Defendant's position imposed a fiduciary duty to Plaintiff.

37. Defendant's failure to release funds in its possession constitutes a breach of its fiduciary duty to Plaintiff.

38. Plaintiff is entitled to all damages resulting from Defendant's breach of fiduciary duty.

39. Defendant's actions were willful, wanton, and in reckless disregard of Plaintiff's rights, entitling the Plaintiff to punitive damages in an appropriate amount.

## FOR A FIFTH CAUSE OF ACTION
### (Conversion)

40. The subject of this cause of action is the amount of money held in an account by Defendant that was payable to Norma Carroll, and upon her death, to the Plaintiff.

41. Plaintiff has a legal interest in this money.

42. Defendant converted this money to its own use without the Plaintiff's permission.

43. Plaintiff has demanded this money.

44. Defendant has refused to release this money.

45. Plaintiff is entitled to the amount of money in the accounts, as well as legal interest from the date upon which the Defendant first unreasonably refused to release these funds.

46. Because Defendant has converted the funds at issue recklessly and with conscious indifference to the Plaintiff's rights, Plaintiff is entitled to punitive damages in an appropriate amount.

### FOR A SIXTH CAUSE OF ACTION

### (Violation of South Carolina Unfair Trade Practices Act)

47. Defendant has made it impossible for Plaintiff to obtain the money Defendant is holding on his behalf.

48. Defendant has repeatedly requested new, identical, or immaterial information from Plaintiff in order to process his request for funds rightfully owed him. For example, Defendant demanded numerous death certificates from Plaintiff to prove his beloved wife of many years, Norma Carroll, was deceased. Multiple certificates were sent, all of which the Defendant claimed were not adequate. Regardless of what form Plaintiff completes, Defendant constantly demands something else, even if it is information repeatedly provided in the past. In fact, after issuing the checks, Defendant issued a stop payment on one of the checks, claiming it was missing information it had repeatedly been provided with.

49. These acts by Defendant, as well as other acts taken during Plaintiff's attempt to claim his money, constitute unfair or deceptive acts or practices and are unlawful under the South Carolina Unfair Trade Practices Act, S.C Code § 39-5-20, *et seq.*

50. Defendant has violated the South Carolina Unfair Trade Practices Act.

51. Defendant's violation of the South Carolina Unfair Trade Practices Act is the proximate cause of damages to Plaintiff.

52. Plaintiff is entitled to an award of all actual damages caused by Defendant.

53. Because Defendant has willfully violated the South Carolina Unfair Trade Practices Act,

ELECTRONICALLY FILED - 2018 Mar 13 2:41 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301540

Plaintiff is entitled to have the Court treble any damages awarded as a result of this cause of action.

Having fully pled his causes of action, the Plaintiff respectfully requests a trial by jury in this matter and that the Court award the following damages:

      a. All actual damages;

      b. All consequential damages;

      c. All special damages;

      d. All punitive damages as appropriate;

      e. Any further relief the Court deems just and proper.

Respectfully Submitted,

**s/ Joshua Snow Kendrick**
Joshua Snow Kendrick (SC Bar 70453)
Christopher S. Leonard (SC Bar 80166)
KENDRICK & LEONARD, P.C.
506 Pettigru Street (29601)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

March 13, 2018
Greenville, South Carolina

ELECTRONICALLY FILED - 2018 Mar 13 2:41 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2301540